### Henry Chumley v. The State.

#### No. 2389. Decided April 2, 1913.

**Local Option—Insufficiency of the Evidence.**

Where the alleged purchaser of the whisky testified that he got the same, not from the defendant, but from another, and another State's witness undertook to show that said purchaser paid the defendant something which he did not see or describe or that it was in payment of the whisky, the conviction could not be sustained.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*W. R. Cousins,* for appellant.—On question of insufficiency of the evidence: Whitehead v. State, 147 S. W. Rep., 583.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted for violating the local option law.

The complaint and information charge appellant with selling intoxicating liquors to Ira Toole. Ira Toole was used as a witness. His testimony is as follows: "My name is Ira Toole. I went to Pineland on or about the 31st day of March, A. D. 1912, in a hack. E. E. Solly went with me and he and J. H. McGown came back with me. I bought some whisky from a big black negro with a gold tooth. It was not Henry Chumley. I know Henry but do not know the black negro. I never paid Henry Chumley any money but once in my life. I went to his house drunk one night and he put me to bed and tended to my horse and I paid him one dollar." Appellant testified he did not sell any whisky to Ira Toole, and never sold any whisky to anybody in his life. McGown testified that he was at Pineland the day Solly and Toole came there in a hack and returned with them to Hemphill. He says:

"I loaned Ira Toole 35 cents, he said he was going to get something. I told Ira I would come back with him to Hemphill. When we got out of town we found a bottle of whisky in the hack." McGown, on cross-examination, stated he had previously gone to Pineland to represent the State in an examining trial. He says: "We guarded the man that committed the homicide that night. The mill foreman and I tried to get some whisky, as it was very cold; we asked Henry Chumley to get us some whisky, and watched him try to get it, but he failed. I did not see any transaction between Ira Toole and Henry Chumley. I did see Henry around the depot at that time, but he was not at the hack when we got in the hack to start, and I did not see him at the time nor hear him say 'it is in there.'" Solly testified he was the son the present sheriff; that he went with Ira Toole in a hack to Pineland. He says: "There are always lots of people at and around the depot at Pineland on Saturday. A show was going on there." He also states after reaching Pineland they hitched the team about 125 yards west of the depot, and went from the hack to the hotel, where Judge McGown was standing. "We talked to him a short time and I left Ira talking to him, and I walked south of the depot on the walk. Shortly afterwards Ira came up towards me, but stopped about half way and talked to Henry Chumley, and then came on where I was, and asked me if I had any money. I told him yes, 35 cents. He said let me have it, I am going to buy some whisky from Henry Chumley. We walked around on the west side of the depot, where Price Easley was to get some more money. After Ira got the money he walked about thirty steps west of us, where Henry and a big black negro were standing talking. Ira walked up to Henry and handed him something. Henry Chumley then walked around north of the depot and out across the lumber yard, and in about ten or fifteen minutes came back the same way and went down to the hack and put something into the hack. In about ten minutes Ira Toole, Judge McGown and myself went down to where the hack was, and Henry Chumley was standing fifty steps northwest of the hack, where a crowd was fixing to watch Booger Red ride a wild horse, but came back to the hack about the time we were starting and said, 'It is in there.'"

This evidence is not sufficient. Ira Toole swears positively that he got the whisky not from Henry Chumley but the other negro. One of the State's witnesses, Solly, undertakes by circumstances to show that Toole paid Chumley something which he did not see nor describe. It is not shown what this was, nor that it was in payment for whisky. In the face of this positive evidence to the contrary we are not willing to let this conviction stand.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*